UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  v.<br><br>WILLIAM ROBERT DONITHAN,<br><br>    Defendant. | Case No. 03-40186 SBA<br><br>[~~PROPOSED~~]<br><br>DETENTION ORDER |

On June 29, 2016, the parties appeared before the Court for a status regarding detention pending the Defendant's placement in a residential treatment program. At that hearing, Donithan sought immediate release. A defendant charged with violating the terms of his supervised release must demonstrate to the Court, by clear and convincing evidence, that he will not flee and that he does not pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(1); Fed. R. Crim. Proc. 32.1(a)(6). At the hearing, Donithan proffered, through his attorney, that he was not a flight risk. He proffered that he had not absconded from a prior residential treatment program (in September 2015), but instead had been removed because of a technical violation. He further proffered that he had been in custody in Colorado since approximately September 2015, that he had completed a 90-day drug

treatment program while in custody, and that wanted to spend the July 4th weekend with his family (his mother and son) prior to entering a residential treatment program in San Rafael, California. He offered that he could live with his mother during that period.

The government objected to Donithan's release. The government argued that Donithan had at least three prior violations of supervised release in this case, two of which involved violations of restraining orders. The government further argued that releasing Donithan before he had even begun treatment for his mental health issues, and to put him in the position to care for a child with special needs, posed a significant risk of danger to others in the community. In addition, the government pointed out that the allegations of the Form 12 were that Donithan had been caught with a cell phone, while he was in the residential treatment program in 2015, that this was against program rules, that Donithan refused to surrender the phone and got into an argument with program staff, and that he ultimately left the program against the staff's instructions.

Probation also objected to Donithan's release. Probation proffered that, though Donithan's family were good people, Donithan had had issues when he lived there in the past. Probation also believed that releasing Donithan for the July 4th weekend would not be in Donithan's or his family's best interests.

The Court, after reviewing Donithan's record of non-compliance and considering the parties' proffers, and after having a chance to view Donithan's demeanor in court and speak to Donithan directly, concludes that Donithan has not demonstrated to the Court by clear and convincing evidence that he does not pose a danger to another person in the community. The Court does not believe that Donithan is a flight risk. But Donithan has not convinced the Court that releasing him to live in his mother's house – a place Probation believes he should not reside – for a holiday weekend will not pose a danger to Donithan's family or others. For these reasons, Donithan's request for release is DENIED.

IT IS SO ORDERED.

Date: ~~June~~ July  5 , 2016

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge